Mel C. Orchard, III (WSB # 5-2984)
Gabriel J. Phillips (WSB # 7-5929)
The Spence Law Firm, LLC
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001
307.733.7290 / 307.733.5248 (fax)
orchard@spencelawyers.com
phillips@spencelawyers.com

*Attorneys for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ASHLEY ZIMMERMAN, <br><br> PLAINTIFF, <br><br> V. <br><br> ACTIVE USA, LLC AND EMMAN C. OJIAKA, <br><br> DEFENDANTS. | Case No. 21-CV-231 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ashley Zimmerman, through her attorneys, Mel Orchard and Gabriel Phillips of The Spence Law Firm, LLC, pleads and alleges her causes of action against Defendants Active USA, LLC and Emman C. Ojiaka, as follows:

### PARTIES

1. On March 1, 2020, Plaintiff Ashley Zimmerman suffered serious injuries on Interstate 80 in Wyoming when her vehicle was rear-ended by a tractor saddlemount combination owned by Defendant Active USA, LLC and operated by Defendant Emman C. Ojiaka.

2. Ashley Zimmerman is a citizen and resident of Illinois.

3. Defendant Active USA, LLC is a Wisconsin limited liability company, with its principal place of business in Wisconsin.

4. On information and belief, all members of Active USA are citizens of Wisconsin.

5. On information and belief, no members of Active USA are citizens of Illinois.

6. On information and belief, Emman Ojiaka is a citizen and resident of Texas.

## JURISDICTION AND VENUE

7. Plaintiff incorporates by reference all allegations contained in this Complaint.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because Defendants and Plaintiff are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.

9. This Court has personal jurisdiction over Defendants pursuant to W.S. § 5-1-107(a) because Ms. Zimmerman's claims arise from a motor vehicle collision in Wyoming caused by Defendants' acts and omissions in Wyoming.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Wyoming.

## FACTS

11. Plaintiff incorporates by reference all allegations contained in this Complaint.

12. On March 1, 2020, at approximately 3:30 p.m., Plaintiff Ashley Zimmerman was driving a 2016 Freightliner tractor-trailer westbound on I-80 through Sweetwater County, Wyoming.

13. Weather conditions and visibility were poor, and driving conditions were worse: it was snowing and windy with near whiteout conditions, and the I-80 was slick with snow-cover and ice.

14. Ms. Zimmerman was traveling at a safe and reasonable speed appropriate for the conditions.

15. Due to a multi-vehicle collision near milepost marker 184.412, westbound traffic on I-80 came to a complete stop ahead of Ms. Zimmerman.

16. As she approached the collision, Ms. Zimmerman slowed her vehicle and safely guided it to a complete stop in the right emergency lane of I-80.

17. Defendant Emman Ojiaka was also traveling westbound on I-80. He was driving a 2021 Peterbilt Model 579 saddlemount combination towing three truck tractors.

18. Defendant Active USA owned the Peterbilt saddlemount combination that Mr. Ojiaka was driving.

19. Despite inclement weather, poor visibility, and precarious driving conditions, Mr. Ojiaka sped toward Ms. Zimmerman at a high rate of speed.

20. As a commercial driver, Mr. Ojiaka was aware, or should have been aware, that under the circumstances he was required to exercise "extreme caution" and to reduce his speed or discontinue operating his vehicle pursuant to 49 C.F.R. § 392.14.

21. Mr. Ojiaka failed to observe traffic and road conditions.

22. Mr. Ojiaka was driving too fast for the conditions.

23. Mr. Ojiaka lost control of his vehicle.

24. Mr. Ojiaka drove his tractor saddlemount combination into the back of Ms. Zimmerman's stopped truck.

25. Responding Wyoming Highway Patrol Troopers noted that Mr. Ojiaka was driving too fast for the conditions.

26. Ashley Zimmerman suffered serious and permanent injuries, including a back injury, as a result of this rear-end collision. She now suffers from chronic pain and her injuries have diminished her ability to perform her job duties, and as a result, she has incurred significant medical expenses and lost significant income and earning capacity.

### FIRST CAUSE OF ACTION
### AGAINST EMMAN C. OJIAKA

27. Plaintiff incorporates by reference all allegations contained in this Complaint.

28. Defendant Emman Ojiaka owed a duty to use reasonable care to avoid injuring other drivers such as Ashley Zimmerman.

29. As a commercial driver, Mr. Ojiaka also owed a duty to exercise "extreme caution" due to the conditions.

30. Mr. Ojiaka breached his duties of care through acts and omissions including but not limited to:

    a. Driving too fast for the weather, visibility and road conditions;

    b. Failing to exercise reasonable care and failing to reduce speed or discontinue operation of his vehicle despite the conditions;

    c. Failing to exercise extreme caution and failing to reduce speed or discontinue operation of his vehicle despite the conditions, in violation of 49 C.F.R. § 392.14;

    d. Failing to operate his vehicle in a careful and prudent manner;

    e. Failing to maintain control over his vehicle;

    f. Failing to keep a proper lookout;

    g. Failing to observe traffic and road conditions;

    h. Failing to avoid a stopped vehicle;

    i.  Failing to abide by company training and policies; and

    j.  Failing to meet the standards of care requisite in the industry.

31. Mr. Ojiaka's negligent acts and omissions directly and proximately caused Ashley Zimmerman's injuries and damages and were a substantial factor in causing those injuries and damages.

**SECOND CAUSE OF ACTION**
**AGAINST ACTIVE USA, LLC**

32. Plaintiff incorporates by reference all allegations contained in this Complaint.

33. As a corporate entity, Active USA can act only through its directors, officers, agents, and employees.

34. Active USA is vicariously liable for the culpable acts and omissions of its directors, officers, agents, and employees acting within the course and scope of their duties.

35. At all relevant times Emman Ojiaka was an employee or agent of Active USA and was acting within the course and scope of his employment or agency.

36. Active USA is vicariously liable for Mr. Ojiaka's negligence under the common law and 49 C.F.R. § 376.12(c)(1).

37. Active USA owed an independent duty to use reasonable care to avoid injuring Ashley Zimmerman.

38. Active USA also owed a duty to exercise reasonable care in hiring, training, supervising, retaining, and entrusting a vehicle to Emman Ojiaka; and in establishing policies and procedures applicable to Mr. Ojiaka.

39. Active USA breached its duties of care through acts and omissions including but not limited to:

    a.  Failing to safely and properly hire, supervise, or train Mr. Ojiaka;

    b.    Failing to institute and enforce adequate safety policies and procedures for its drivers;

    c.    Failing to meet the standards of care requisite in the industry; and

    d.    Failing to act reasonably under the circumstances.

40. Active USA's negligent acts and omissions directly and proximately caused Ashley Zimmerman's injuries and damages and were a substantial factor in causing those injuries and damages.

## DAMAGES

41. Plaintiff incorporates by reference all allegations contained in this Complaint.

42. As a direct and proximate result of Emman Ojiaka and Active USA's acts and omissions, Ashley Zimmerman has suffered and is entitled to be compensated for the following damages:

    a.    Past and future pain, suffering, and emotional distress;

    a.    Past and future loss of enjoyment of life;

    b.    Past and future loss of earnings and earning capacity;

    c.    Past and future disability and disfigurement;

    d.    Past and future medical expenses;

    e.    Past and future caretaking expenses; and

    f.    Costs of this action, interest and all other damages allowed by law as deemed fair and just.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount supported by the allegations of this Complaint, as follows:

I.  Judgment against Defendants for general damages in an amount consistent with the allegations contained herein and to be proved at trial;

II.  Judgment against Defendants for special damages in an amount consistent with the allegations contained herein and to be proved at trial; and

III.  Judgment for costs, interest and such other and further relief as the Court deems just and equitable.

DATED this 20th day of December 2021.

_____
Mel C. Orchard, III (WSB # 5-2984)
Gabriel Phillips (WSB # 7-5929)
The Spence Law Firm, LLC
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001
307.337.1283 / 307.337.3835 (fax)
orchard@spencelawyers.com
phillips@spencelawyers.com

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that this matter be tried by a jury of six.

DATED this 20th day of December 2021.

                                /s/ *signature*
                                Mel C. Orchard, III (WSB # 5-2984)
                                Gabriel Phillips (WSB # 7-5929)
                                The Spence Law Firm, LLC
                                15 S. Jackson Street
                                P.O. Box 548
                                Jackson, WY 83001
                                307.337.1283 / 307.337.3835 (fax)
                                orchard@spencelawyers.com
                                phillips@spencelawyers.com

                                *Attorneys for the Plaintiff*